IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| ROBERT WARNER, | ) Civil Action No. |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| v. | ) |
| MESSER LLC, | ) |
| Defendant. | ) |

## FIRST COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Robert Warner ("Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant Messer LLC ("Defendant") under the Americans with Disabilities Act ("ADA"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this District. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

# FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADA.

7.

At all times relevant, Plaintiff has suffered from disabilities of which the employer had knowledge. In particular, Plaintiff has suffered from Coronary Artery Disease and Sleep Apnea.

8.

Plaintiff was on medical leave from approximately June 2019 to January 2020 due to Coronary Artery Disease.

9.

In January 2020, Plaintiff successfully completed the Department of Transportation's physical examination and returned to work after being cleared to do so.

10.

In February 2020, Plaintiff turned in his monthly sleep report, which showed that he had successfully reached the minimum monthly employer requirement of 70%. Plaintiff was required to turn in the sleep reports due to his sleep apnea.

11.

On or about March 15, 2020, Plaintiff's manager, Devon Kirtz, asked to see Plaintiff's sleep report. The report, which was not due until the end of the month, showed a score of 67%. Plaintiff still had two weeks to reach a 70% score. Kirtz told Plaintiff to go home until he achieved a usage score of 100% for seven consecutive days.

12.

Plaintiff went home as directed for the next seven consecutive days and recorded a usage score of 100% for each of those seven consecutive days.

13.

When Plaintiff returned to work on March 25, Kirtz terminated his employment. Kirtz stated that Plaintiff had been out of work more days than he had worked.

14.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination and retaliation.

15.

Plaintiff has suffered from disabilities. Additionally, Defendant "regarded" Plaintiff as disabled.

16.

Defendant terminated Plaintiff's employment because of his disabilities or perceived disabilities.

17.

As a result of Defendant's actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## **CLAIMS FOR RELIEF**

## **COUNT I**

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

## **(ADA DISCRIMINATION AND RETALIATION)**

18.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

19.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

20.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

21.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

22.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

23.

Plaintiff's disabilities and/or perceived disabilities were determinative factors in Defendant's decision to terminate Plaintiff.

24.

At all times relevant, Plaintiff could perform the essential functions of his position.

25.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

26.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of his disabilities, perceived disabilities, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

27.

Plaintiff engaged in protected activity by taking leave for his disability. In terminating Plaintiff after he used a reasonable accommodation of time off, Defendant retaliated against Plaintiff in violation of the ADA.

28.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendant.

29.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Special damages for lost wages and benefits and prejudgment interest thereon,

(c)     Punitive damages;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     All equitable relief available under the ADA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which he may be entitled.

This 30th day of November, 2020.

**BARRETT & FARAHANY**

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309

(404) 214-0120
Severin@justiceatwork.com

9